

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| IRVIN JEFFERSON WILSON, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| J.M. CUTLER, Police Officer, Greenville, South Carolina, Law Enforcement Department; NICOB BALL, Signature Constable Law Enforcement Officer, State of South Carolina, Thirteenth Judicial Circuit; B.W., Alleged Witness for the State; THE SOLICITOR'S OFFICE, Prosecutor Assigned to Plaintiff's Charge, Thirteenth Judicial Circuit, Greenville, South Carolina; STEWARD SARRATT, Defense Lawyer, Thirteenth Judicial Circuit, State of South Carolina, | § § § § § § § § § § § § § | Civil Action No.: 6:17-00499-MGL |
| Defendants. | § § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This is a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on March 29, 2017. ECF No. 13. On April 10, 2017, the Clerk of Court filed Plaintiff's objections to the Report (Plaintiff's Memorandum). ECF No. 15. The Court has carefully considered the objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

When construed liberally and in the light most favorable to Plaintiff, Plaintiff's Memorandum sets forth only one specific objection to the Report. Plaintiff appears to object to the Magistrate Judge's recommendation Plaintiff fails to state a claim against Defendant B.W. (B.W.) under 42 U.S.C. § 1983 because Plaintiff fails to allege state action by B.W. for purposes of § 1983. *See* ECF No. 15 at 4. Plaintiff appears to argue B.W. is a state actor because he is

employed by the State of South Carolina. *See id.* He also reasserts the allegations against B.W. set forth in the Complaint. *See id.*

Plaintiff's conclusory allegation B.W. is employed by the State is insufficient to support a claim against B.W. under § 1983. Plaintiff's complaint alleges B.W. served as a State witness, and Plaintiff has failed to set forth any facts in the Complaint or his Memorandum to support a reasonable inference B.W.'s actions complained of by Plaintiff are fairly attributable to the State. Moreover, the Court agrees with the Magistrate Judge's suggestion Plaintiff's claims as a whole fail to satisfy the pleading standard of Federal Civil Procedure Rule 8. *See* ECF No. 13 at 6-7 n.2. Therefore, the Court overrules Plaintiff's objection.

Plaintiff presents nothing in the remainder of his Memorandum to convince the Court the Magistrate Judge erred in recommending the Complaint be dismissed without prejudice and without issuance and service of process. Apart from the objection discussed above, the remainder of Plaintiff's Memorandum consists of a restatement of the allegations in the Complaint, conclusory assertions Plaintiff is objecting to various portions of the Report, and requests for the Complaint to be served on Defendants; any meaningful counter to the well-reasoned conclusions in the Report is absent. In an overabundance of caution, however, the Court has made a de novo review of the entire record. After having done so, the Court remains convinced dismissing the Complaint without prejudice and without issuance and service of process is proper. Therefore, for the reasons set forth in the Report, the Court will overrule any additional objections to the Report set forth in Plaintiff's Memorandum.

After a thorough review of the Report, Plaintiff's Memorandum, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts

the Report, and incorporates it herein.  Therefore, it is the judgment of the Court the Complaint is

**DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 25th day of April 2017 in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.