

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| IRVIN JEFFERSON WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:17-499-MGL |
| | § | |
| J.M. CUTLER, NICOB BALL, B.W., | § | |
| STUART SARRATT, JEFF WESTON, and | § | |
| KENNETH MILLER, | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

---

This action arises under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court dismiss the amended complaint without prejudice and without issuance and service of process and grant in part and deny in part the motion to dismiss of Defendants J.M. Cutler (Cutler) and Kenneth Miller (Miller). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge previously issued a Report and Recommendation on March 29, 2017, suggesting the Court dismiss Plaintiff's original complaint without prejudice and without issuance and service of process. ECF No. 13. The Court issued an Order adopting the March 2017 Report and summarily dismissing the original complaint, ECF No. 17, which Plaintiff appealed, ECF No. 20. The United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's appeal for lack of jurisdiction but remanded the case with instructions to allow Plaintiff to file an amended complaint. ECF No. 26.

On remand, the Magistrate Judge provided an opportunity for Plaintiff to amend his complaint, ECF No. 29, and Plaintiff filed an amended complaint on September 13, 2017, ECF No. 38. On September 25, 2017, Defendants Cutler and Miller filed their motion to dismiss the amended complaint. ECF No. 41. Thereafter, Plaintiff filed two motions to strike. ECF Nos. 45, 48.

The Magistrate Judge filed the pending Report regarding Plaintiff's amended complaint on March 26, 2018. ECF No. 53. On April 11, 2018, the Clerk of Court filed Plaintiff's purported objections to the Report (Plaintiff's Memorandum). ECF No. 55. Defendants Cutler and Miller replied to Plaintiff's Memorandum on April 25, 2018. ECF No. 57.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982);

*see* Fed. R. Civ. P. 72(b). Consequently, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Plaintiff, Plaintiff's Memorandum fails to set forth any specific objections to the Report. Plaintiff's Memorandum is rambling and disjointed. Plaintiff repeatedly asserts he objects to various portions of the Report, but his assertions are conclusory and unsupported by any coherent explanation. Plaintiff also reiterates allegations from his original and amended complaints and purports to move for various sanctions against some of the Defendants. Any meaningful counter to the well-reasoned conclusions in the Report is absent. Because Plaintiff's Memorandum fails to articulate any specific objection to the Report, the Court need not—and will not—address its content further.

In an overabundance of caution, however, the Court has made a de novo review of the entire record. After having done so, the Court is convinced the amended complaint should be summarily dismissed. The Court notes Plaintiff has already been given an opportunity to amend his complaint, and the Court is of the opinion providing Plaintiff with any additional opportunities to amend would be futile.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein to the extent it is not contradicted by this Order. Therefore, it is the judgment of the Court Plaintiff's amended

3

complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. Defendant Cutler and Miller's motion to dismiss and Plaintiff's motions to strike are **RENDERED MOOT** by this Order.

**IT IS SO ORDERED.**

Signed this 10th day of May 2018 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.